*685 OPINION OF THE COURT
Peter E. Corning, J.
The New York State Bankers Association, Inc. (NYSBA) and Cayuga Lake National Bank (CLNB) have submitted a motion for partial summary judgment on the first cause of action in their complaint, declaring the "Audit Fee Provision” (hereinafter defined) contained in the State Operations Budget Bill (the Budget Bill), chapter 50 of the Laws of 1990, invalid as being in violation of article VII, § 4 of the NY Constitution and also to declare invalid the proposed regulations (proposed 20 NYCRR part 606) issued thereunder.
The defendant has cross-moved for partial summary judgment, dismissing that portion of plaintiffs complaint raising the above-mentioned constitutional violation.
FACTS
The 1990-1991 State Operations Budget Bill was enacted into law as chapter 50 of the Laws of 1990. An appropriation for the expense of conducting tax audits of bank taxpayers is contained on page 441 of the 702-page Budget Bill.
Added to this appropriation is the so-called "Audit Fee Provision”, which directs the State Tax Commissioner to raise revenues to cover the cost of conducting audits of bank taxpayers, by imposing fees for conducting the audits. The "Audit Fee Provision” authorizes and provides for charging bank taxpayers for their own tax audits. The "Audit Fee Provision” states: "Notwithstanding any other provision of law, the commissioner of taxation and finance is hereby authorized and directed to establish and implement fees to assess such taxpayers for cost [sic] associated with conducting such audits. Such assessments shall include all direct, indirect, fringe benefit and other costs resulting from conducting such audits, including costs incurred in other programs, with the exception of expenses incurred pursuant to administrative hearings and civil judicial proceedings. Notwithstanding any other provision of law, all income derived from fees levied by the commissioner of taxation and finance for such audit expenses shall be deposited to this account.”
Pursuant to the "Audit Fee Provision”, the Commissioner has issued invoices to bank taxpayers, including an invoice to CLNB for $4,125.
Plaintiffs rely on article VII, § 4 of the NY Constitution for their claim of unconstitutionality, which provides in part that: *686 "The legislature may not alter an appropriation bill submitted by the governor except to strike out or reduce items therein, but it may add thereto items of appropriation provided that such additions are stated separately and distinctly from the original items of the bill and refer each to a single object or purpose.”
Plaintiffs claim that as the "Audit Fee Provision” was not a part of the original Budget Bill submitted by the Governor, but added by the Legislature, that a plain reading of the constitutional provision cited invalidates the "Audit Fee Provision”.
The plaintiffs contend, quite simply, that the "Audit Fee Provision” is not an "appropriation” but a "revenue measure” and, as such, is prohibited by the plain language of article VII, § 4 of the NY Constitution.
The defendant contends that section 4 was not violated but, in any event, that article VII, §6 of the NY Constitution is the controlling provision and allows certain additions to appropriation bills. That section reads: "No provision shall be embraced in any appropriation bill submitted by the governor or in such supplemental appropriation bill unless it relates specifically to some particular appropriation in the bill, and any such provision shall be limited in its operation to such appropriation.”
Further, defendant argues that as long as the Governor and the Legislature are in agreement, then what substantive difference does a minor procedural infraction make? Also, defendant raises the strong presumption of constitutionality attaching to legislative enactments, citing Savings Bank v New York State Tax Commn. (107 AD2d 205, 207 [4th Dept], affd on opn below 66 NY2d 769 [1985]).
DISCUSSION
A plain reading of article VII, § 4 indicates that the "Audit Fee Provision” is unconstitutional. It clearly is not: (a) a strike out of an item; or (b) a reduction of an item; nor (c) an addition of an item of appropriation.
Unless the "Audit Fee Provision” is somehow saved by article VII, § 6, or by the interplay between it and section 4, then plaintiffs must prevail.
Reading section 6 as suggested by defendant would deprive section 4 of all meaning. Section 6 can more appropriately be read as prohibiting the Governor from doing what the Legisla *687 ture is prohibited from doing under section 4. While dicta, the Court of Appeals has indicated that defendant’s position is without merit. People v Tremaine (252 NY 27 [1929] [so-called Tremaine I]), wherein the court (at 48-49), in discussing essentially the same argument in relation to the predecessor section to section 6 (i.e., NY Const, art III, § 22 [in effect in 1929]), stated as follows: "The respondent’s counsel rely on section 22 of article III of the Constitution, which provides: 'No provision or enactment shall be embraced in the annual appropriation or supply bill, unless it relates specifically to some particular appropriation in the bill; and any such provision or enactment shall be limited in its operation to such appropriation,’ and was inserted in the Constitution of 1894 to prevent the inclusion of general legislation in an appropriation bill. They contend that because the provision or enactment inserted in the bill by section 11 was germane to the particular appropriations in the bill to which it applied and was limited in its operation to such appropriations, it was, therefore, in accordance with the Constitution. But the provision of section 22, article III, which is prohibitory in terms, has no affirmative application to 'an appropriation bill submitted by the governor’ so as to permit the addition of the rider in question. The converse of the proposition stated negatively in section 22 is not true as applied to such bill. The rider is an alteration of such bill other than by striking out or reducing items therein; it is not an addition of an item of appropriations stated separately and distinctly from the original items of the bill and referring to a single object or purpose and its insertion in the bill was improper.”
For these reasons, I believe defendant’s contention in this regard to be without merit, as are his other arguments.
It appears that the "Audit Fee Provision” is a perfect example of the ills intended to be cured by section 4. This is an instance of significant and substantial legislation of large economic impact on bank taxpayers, being passed without recourse to the regular legislative process, contained in a 702-page budget bill, apparently without the knowledge of one or more legislators. (See, letter of Assemblyman Sam Colman to Speaker Mel Miller, dated July 27, 1990.)
DETERMINATION
For the reasons herein, that portion of chapter 50 of the Laws of 1990, referred to as the "Audit Fee Provision” is *688 declared null and void as being in violation of article VII, § 4 of the NY Constitution, and that the regulations issued thereunder are without a valid statutory basis. The Commissioner shall, therefore, be permanently enjoined from issuing further invoices or attempting to collect or enforce invoices previously issued under the "Audit Fee Provision”.
Accordingly, plaintiffs motion for partial summary judgment on the first cause of action contained in the complaint must be granted and that of the defendant denied.